IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD E BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-cv-2338 |
| ) | |
| BRENDAN KELLY, in his official capacity ) | |
| as Director of the Illinois State Police, and ) | |
| WILLIAM HUDDLESTON, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Comes now Plaintiff Donald E. Brown, by and through his attorneys, Thomas G. Maag and the Maag Law Firm, LLC, and states as follows:

### COUNT I

1. At all times relevant, Plaintiff Donald E. Brown ("Brown") is a citizen and resident of Williamson County, Illinois.

2. That Defendant Brendan Kelly is a citizen and resident of St Clair County, IL, and is sued in his official capacity as Director of the Illinois State Police, and who at all times relevant is and was acting under color of state law.

3. That Defendant William Huddleston ("Huddleston") at all times relevant is and was a police officer at the Marion Police Department, and is sued in his individual capacity.

### COUNT I

1 – 3   Plaintiff adopts paragraphs 1 through 3 as stated above.

4. That this count is brought pursuant to 42 U.S.C. 1983, for violation of civil rights, under color of state law and the Fourth Amendment as incorporated by the 14th Amendment. This Court has subject matter jurisdiction pursuant to 28 USC 1331.

5. On or about 4-23-2024, Plaintiff Brown called the Marion Police, concerning a trespass complaint about a homeless person present on private property of which he had an interest.

6. That Defendant Huddleston was dispatched and made contact with the trespasser, either personally or through others at his department.

7. That Plaintiff Brown was lawfully, present on property he has a right to be on, either by fact of actual ownership, or via permission of the landowner.

8. That at the time that Defendant Huddleston approached Plaintiff, plaintiff was lawfully carrying a holstered pistol on his hip, which at all times relevant was holstered and lawfully carried.

9. That Defendant Huddleston inquired of Plaintiff as to the holstered pistol, and was correctly expressly advised that Plaintiff was either on his own property, or had permission from the landowner, to so carry his pistol, which under Illinois law plainly makes such carriage legal, with or without a concealed carry license.

10. That Defendant Huddleston replied with words to the effect of, "that's not how it works" and proceeded to arrest Plaintiff, for aggravated unlawful use of a firearm, without probable cause, and instead of enforcing actual Illinois law as it actually existed, simply proceeded to enforce the law as Defendant thought it should be.

11. That Defendant Huddleston arrested brown and confiscated his lawfully possessed and carried pistol, which as oft the time and date of filing this complaint remains in law enforcement custody.

12. That at the time of the arrest, Plaintiff had a fully valid Firearms Owners Identification Card, and was carrying the firearm in accordance with longstanding Illinois law as relates to the carriage of firearms.

13. That despite no actual crime being committed by Plaintiff, and no warrant for the arrest of Plaintiff existing, Defendant Huddleston arrested Plaintiff on the stated basis of unlawful use of a weapon, simply by virtue of Plaintiff carrying a firearm, in a hip holster, on his own property and/or property that he had permission of the landowner to be on with said pistol.

14. That no reasonable police officer, actually educated in the law, could have reasonably believed that Plaintiff had committed a crime, simply by standing on his own property, or property of another, with permission, with a holstered firearm.

15. That Plaintiff was not brandishing said firearm, nor was he alleged to have done so.

16. That as a proximate cause of the unlawful arrest, Plaintiff Brown was issued with two criminal citations, including a felony unlawful use of weapons charge, although the other criminal citation was equally lacking in actual merit.

17. That the States Attorney, proceeded with Williamson County case no. 2024CF361, for aggravated unlawful use of weapons, a criminal felony, and ultimately proceeded to indict Plaintiff instead of having a preliminary hearing, and in so doing, failed to properly advise the grand jury of the actual and correct text of the relevant criminal statute, which would make clear that Plaintiff was committing no actual felony, by failing to read to the jury the latter portion of the relevant sentence in the statute.

18. That ultimately, as it was clear that Plaintiff had committed no actual crime, much less aggravated unlawful use of a firearm, the prosecutor dropped the charges, "without prejudice", meaning that Plaintiff remains at risk for them being refiled.

19. As a result of the unlawful arrest and detention of Plaintiff, Plaintiff Brown has suffered damages in an amount in excess of $21.00.

WHEREFORE, Plaintiff Brown humbly requests this Honorable Court enter judgment in his favor, and against Defendant William Huddleston, in an amount of compensatory damages, in excess of $21.00, plus punitive damages in an amount sufficient to punish and deter Defendant, and others, from similar conduct in the future, in excess of $21.00, plus costs of suit and attorney fees, pursuant to 42 USC 1988, and such other, further and different relief allowed by law.

## COUNT II

1. At all times relevant, Plaintiff Donald E. Brown ("Brown") is a citizen and resident of Williamson County, Illinois.

2. That Defendant Brendan Kelly is a citizen and resident of St Clair County, IL, and is sued in his official capacity as Director of the Illinois State Police, and who at all times relevant is and was acting under color of state law.

3. That Plaintiff was arrested, in Williamson County, Illinois, for felony aggravated unlawful use of firearms, for lawfully carrying a holstered firearm, while being present on his own property, on property of another with permission, or both.

4. Under no reasonable interpretation of existing law was Plaintiff charged with any felonies.

5. That at the time of his arrest, Plaintiff held a fully valid Illinois State Firearms Owners Identification Card, which, under Illinois law, is required in order to lawfully possess firearms in Illinois, under nearly all circumstances.

6. That, as a FOID card is required in order to lawfully possess firearms, in Illinois, in order for the FOID card requirement to be valid, Plaintiff must have the same entitlement to a FOID card that he does to keep and bear arms under the Second and 14th Amendments.

7. That Defendant Kelly, as Director of the Illinois State Police, is responsible for the Illinois State Police Firearms Services Bureau, which processes, issues and ultimately suspends and revokes FOID cards, as the case may be.

8. Plaintiff has never been convicted of any felony or other violent crime, has not been adjudicated mentally defective, is not an illegal alien, and but for lack of a FOID card, may possess and/or acquire firearms in Illinois, under both Illinois and federal law.

9. However, Defendant Kelly, in his official capacity, suspends and/or revokes FOID cards, for persons *merely charged* with a felony, any felony, no matter how minor the felony charge, no matter the evidence or lack thereof of said felony, and no matter the procedural posture of the felony case. This is the official policy and practice of Defendant.

10. Plaintiff's FOID card was revoked by defendant pursuant to section 8(n) of the FOID Card Act, which authorizes the revocation of the FOID card of any individual who is "prohibited from acquiring or possessing firearms or firearm ammunition by any Illinois State statute or by federal law." 430 ILCS 65/8(n) (West 2016).

11. The federal law relied upon, section 922(n) of the federal firearms chapter of Title 18 ("Crimes and Criminal Procedure"), makes it "unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to

ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(n) (2018).

12. Thus, by the interplay of the statute, under federal law, a person *merely charged* with a felony, may retain his existing firearms and ammunition, under 922(n), but is barred from acquiring any such additional arms or ammunition which has been shipped or transported in interstate of foreign commerce.

13. Not all firearms and ammunition are shipped or transported in interstate or foreign commerce, but Defendant presumes for purposes of the statute that they are.

14. Despite no law prohibiting mere retention of said firearms or ammunition possessed at the time of the charges, and no law prohibiting even acquisition of additional arms or ammunition made in Illinois, which has not been shipped or transported in interstate or foreign commerce, Illinois, by mere operation of being *charged* with a felony, immediately revokes the person's FOID card, notifies them after the fact, and requires them to dispose of their existing firearms and ammunition.  This is what happened to Plaintiff.

15. That no court ever found that Plaintiff was a danger to any person.

16. As of the date of filing this Complaint, Plaintiff's FOID card remains revoked and invalid.

17. To establish a procedural due process claim, a Plaintiff must show that

    (1) it has a life, liberty, or property interest protected by the Due Process Clause;

    (2) it was deprived of that protected interest; and

   (3) the State did not afford it adequate procedural rights prior to depriving it of the property interest.

Women's Medical Professional Corp. v. Baird, 438 F.3d 595, 611 (6th Cir.2006) (citing Hahn v. Star Bank, 190 F.3d 708, 716 (6th Cir.1999)).

18. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment. Sniadach v. Family Finance Corp., 395 U. S. 337 (1969); Goldberg v. Kelly, 397 U. S. 254 (1970).

19. While "[m]any controversies have raged about . . . the Due Process Clause,", it is fundamental that except in emergency situations (and this is not one) due process requires that when a State seeks to terminate an interest such as that here involved, it must afford "notice and opportunity for hearing appropriate to the nature of the case" before the termination becomes effective.

20. That State of Illinois knows how to do this, as it does so with driver's licenses in cases with persons charged, but not convicted of DUI, in that the State provides a 45 day notice, *prior* to the suspension of a driver's license, in order to contest the merits of the suspension.

21. In this case, no such notice is provided, no advance hearing is offered, generally the first inkling that a person charged with a felony has that their FOID card has been considered for suspension or revocation, is a letter from the Defendant advising them that their FOID card has already be revoked.

22. This action is brought under 42 USC 1983, for violation of procedural due process under the 14th Amendment.

23. That Plaintiff lacks an adequate remedy at law.

24. While, at the time this case is filed, Plaintiff's FOID card remains revoked, it is anticipated that, as the criminal felony charge has been dismissed, without prejudice, in order to moot this case, and avoid a ruling on the merits, defendant will reinstate Plaintiff's FOID card shortly after being notified of this lawsuit, as it has done in other similar cases brought by other persons in the past.

25. However, should this happen, the capable of repetition yet evading review exception applies as "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the Plaintiff will be subjected to the same action again."

26. In fact this very felony charge could be refiled, as it was dismissed *without prejudice*, and in fact, the police authorities have advised Plaintiff this is a possibility.

27. Furthermore, Plaintiff intends to continue to lawfully open carry firearms on his own property, and the property of others with their permission, as allowed by law. However, it appears that Plaintiff remains at risk of felony arrest, if he were to do so, based on the conduct of Defendants and their associates thus far. In fact, Plaintiff, within days of having this felony dismissed, what charged again with a misdemeanor, that is likewise without merit, but this shows that Plaintiff remains at risk of future felony charges.

WHEREFORE, Plaintiff humbly requests that this Honorable Court (1) enjoin Defendant Kelly, as well as his successors in office and authority, from suspending, revoking or otherwise invalidating any FOID cards based on 430 ILCS 65/8(n), as it presently exists, for persons merely charged, but not convicted of any felony charge, (2) order that Defendant Kelly reinstate, fully, Plaintiff's FOID card, and order the extension of the validity of same

by the time for which said card was revoked, and (3) order that Plaintiff's FOID file be expunged of any reference to the fact that Plaintiff's FOID card was ever revoked, plus attorney fees and costs of suit under 42 USC 1988.

### COUNT III

1. – 16.

2. At all times relevant, Plaintiffs have a fundamental constitutional right, pursuant to the Second Amendment to an individual right to keep and bear arms in the home for the purpose of self-defense. *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008). This Second Amendment right applies to the states through its incorporation in the Due Process Clause of the Fourteenth Amendment. *McDonald v. City of Chicago*, 561 U.S. 742, 791 (2010).

3. In fact, in recent years, it has become commonplace for many police and prosecutors to "overcharge" a routine misdemeanor case as a felony for purposes extracting a plea bargain.

4. However, even if possibly properly charged as a felony, that under federal law, a person charged, but not convicted, of a felony, may continue to possess firearms and ammunition already in their possession. No federal law is challenged in this case.

5. That under Illinois law, while there is no direct prohibition on persons charged, but not convicted, of a felony possessing firearms or ammunition, pursuant to 430 ILCS 65/8(n), requires, without prior notice or an opportunity to be heard, that a persons FOID card be revoked, as under federal law, 18 USC 922(n), they cannot *acquire* additional firearms while be charged with a felony.

6   Accordingly, in light of 18 USC 922(n), 430 ILCS 65/8(n) operates as a total ban on the possession of firearms by persons who are merely accused of a felony.

7   Defendant issue Kelly issued a letter to Plaintiff advising that his FOID card had been revoked, making it at least criminal, to continue to possess firearms in Illinois, including in their own home for constitutionally protected self defense.

8   That while the revocation letter includes a description of how to appeal, the revocation is not suspended for any period of time to allow an appeal to be prosecuted or filed, and fails to provide any mechanism to appeal while the felony charges are pending.

9   The end result is that Illinois Citizens, such as Plaintiff, are at substantial risk of being denied their Constitutionally protected right to bear arms without notice or an opportunity to be heard at any time, based on mere allegation which has not been proven or substantiated in any way, and left with no practical remedy.

10  The end result is that Plaintiffs are at substantial risk of, and in this case have actually been, deprived of their Constitutionally Protected Right to Keep and Bear Arms for self defense, without notice of an opportunity to be heard on the topic, in violation of the Second, Fourth and Fourteenth Amendments, in that due to the suspension of their FOID cards, they were forced to surrender their possession of their firearms and ammunition to a third party, and in fact did so, in order to comply with the Illinois law as a result of their FOID card being suspended, leaving Plaintiffs without the ability to reasonably defend themselves in their home, in the event of attack or risking criminal arrest and prosecution.

11  That Plaintiff does not challenge the ability of Defendant to revoke FOID cards based on a proper felony *conviction*, but submits that mere *accusation*, without more, is not enough to deprive a person of a fundamental constititonal right.

12  For instance, Plaintiff does not dispute that a person found to be *actually dangerous*, by a court of competent jurisdiction, and with notice and reasonable opportunity to be heard, could lawfully disarm, at least temporarily, such a person, but the statute, as written and applied by Defendant disarms on the basis of mere accusation, no matter how little the evidence, and without notice of right to be heard.

WHEREFORE, Plaintiffs Humbly request that this Court rule as follows:

A. Declare 430 ILCS 65/8(n), unconstitutional, as applied to persons who are merely *charged* with a felony, as opposed to being convicted of a felony, and

B. Enjoin Defendant Kelly, as well as his successors in office and authority, from suspending, revoking or otherwise invalidating any FOID cards based on 430 ILCS 65/8(n), as it presently exists, for persons merely charged, but not convicted of any felony charge,

C. order that Defendant Kelly reinstate, fully, Plaintiff's FOID card, and order the extension of the validity of same by the time for which said card was revoked,

D. order that Plaintiff's FOID file be expunged of any reference to the fact that Plaintiff's FOID card was ever revoked, plus attorney fees and costs of suit under 42 USC 1988.

E. Awarding Plaintiffs their costs and attorney fees, pursuant to 42 USC 1988, and

F. Such other, further and different relief as is allowed by law.

## COUNT IV

1. At all times relevant, Plaintiff Donald E. Brown ("Brown") is a citizen and resident of Williamson County, Illinois.

2. That Defendant Brendan Kelly is a citizen and resident of St Clair County, IL, and is sued in his official capacity as Director of the Illinois State Police, and who at all times relevant is and was acting under color of state law.

3. This Court is brought under Article I, Section II, of the Illinois Constitution (i.e. due process).

4. In addition, Plaintiff intends to seek costs and fees, as appropriate, under the Illinois Civil Rights Act of 2003. 740 ILCS 23/5(c)(2).

5. This Court has subject matter jurisdiction of this Count, pursuant to 28 U.S. Code § 1367 in that this Count is so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy

6. That Plaintiff was arrested, in Williamson County, Illinois, for felony aggravated unlawful use of firearms, for lawfully carrying a holstered firearm, while being present on his own property, on property of another with permission, or both.

7. Under no reasonable interpretation of existing law was Plaintiff charged with any felonies.

8. That at the time of his arrest, Plaintiff held a fully valid Illinois State Firearms Owners Identification Card, which, under Illinois law, is required in order to lawfully possess firearms in Illinois, under nearly all circumstances.

9. That, as a FOID card is required in order to lawfully possess firearms, in Illinois, in order for the FOID card requirement to be valid, Plaintiff must have the same entitlement to a FOID card that he does to keep and bear arms under the Second and 14th Amendments.

9. That Defendant Kelly, as Director of the Illinois State Police, is responsible for the Illinois State Police Firearms Services Bureau, which processes, issues and ultimately suspends and revokes FOID cards, as the case may be.

10. Plaintiff has never been convicted of any felony or other violent crime, has not been adjudicated mentally defective, is not an illegal alien, and but for lack of a FOID card, may possess and/or acquire firearms in Illinois, under both Illinois and federal law.

11. However, Defendant Kelly, in his official capacity, suspends and/or revokes FOID cards, for persons merely charged with a felony, any felony, no matter how minor the felony charge, no matter the evidence or lack thereof of said felony, and no matter the procedural posture of the felony case.  This is the official policy and practice of Defendant.

12. Plaintiff's FOID card was revoked by defendant pursuant to section 8(n) of the FOID Card Act, which authorizes the revocation of the FOID card of any individual who is "prohibited from acquiring or possessing firearms or firearm ammunition by any Illinois State statute or by federal law." 430 ILCS 65/8(n) (West 2016).

13. The federal law relied upon, section 922(n) of the federal firearms chapter of Title 18 ("Crimes and Criminal Procedure"), makes it "unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(n) (2018).

14. Thus, by the interplay of the statute, under federal law, a person merely charged with a felony, may retain his existing firearms and ammunition, under 922(n), but is barred from

acquiring any such additional arms or ammunition which has been shipped or transported in interstate of foreign commerce.

15. Not all firearms and ammunition are shipped or transported in interstate or foreign commerce, but Defendant presumes for purposes of the statute that they are.

16. Despite no law prohibiting mere retention of said firearms or ammunition possessed at the time of the charges, and no law prohibiting even acquisition of additional arms or ammunition made in Illinois, which has not been shipped or transported in interstate or foreign commerce, Illinois, by mere operation of being charged with a felony, immediately revokes the person's FOID card, notifies them after the fact, and requires them to dispose of their existing firearms and ammunition.  This is what happened to Plaintiff.

17. That no court ever found that Plaintiff was a danger to any person.

18. As of the date of filing this Complaint, Plaintiff's FOID card remains revoked and invalid.

19. While "[m]any controversies have raged about . . . the Due Process Clause,", it is fundamental that except in emergency situations (and this is not one) due process requires that when a State seeks to terminate an interest such as that here involved, it must afford "notice and opportunity for hearing appropriate to the nature of the case" before the termination becomes effective.

20. That State of Illinois knows how to do this, as it does so with driver's licenses in cases with persons charged, but not convicted of DUI, in that the State provides a 45 day notice, prior to the suspension of a driver's license, in order to contest the merits of the suspension.

21. In this case, no such notice is provided, no advance hearing is offered, generally the first inkling that a person charged with a felony has that their FOID card has been considered for

suspension or revocation, is a letter from the Defendant advising them that their FOID card has already be revoked.

22. That Plaintiff lacks an adequate remedy at law.

23. While, at the time this case is filed, Plaintiff's FOID card remains revoked, it is anticipated that, as the criminal felony charge has been dismissed, without prejudice, in order to moot this case, and avoid a ruling on the merits, defendant will reinstate Plaintiff's FOID card shortly after being notified of this lawsuit, as it has done in other similar cases brought by other persons in the past.

24. However, should this happen, the capable of repetition yet evading review exception applies as "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the Plaintiff will be subjected to the same action again."

25. In fact this very felony charge could be refiled, as it was dismissed without prejudice, and in fact, the police authorities have advised Plaintiff this is a possibility.

26. Furthermore, Plaintiff intends to continue to lawfully open carry firearms on his own property, and the property of others with their permission, as allowed by law. However, it appears that Plaintiff remains at risk of felony arrest, if he were to do so, based on the conduct of Defendants and their associates thus far. In fact, Plaintiff, within days of having this felony dismissed, what charged again with a misdemeanor, that is likewise without merit, but this shows that Plaintiff remains at risk of future felony charges.

WHEREFORE, Plaintiff humbly requests that this Honorable Court (1) enjoin Defendant Kelly, as well as his successors in office and authority, from suspending, revoking or otherwise invalidating any FOID cards based on 430 ILCS 65/8(n), as it presently exists, for

persons merely charged, but not convicted of any felony charge, (2) order that Defendant Kelly reinstate, fully, Plaintiff's FOID card, and order the extension of the validity of same by the time for which said card was revoked, and (3) order that Plaintiff's FOID file be expunged of any reference to the fact that Plaintiff's FOID card was ever revoked, plus attorney fees and costs of suit under 42 USC 1988

Dated:  10-19-2024                                                         Respectfully Submitted,

By*s/Thomas G. Maag*
Thomas G. Maag
Maag Law Firm, LLC
22 West Lorena Avenue
Wood River, IL  62095
618-216-5291
Maaglawoffice@gmail.com